12960

CULBERTSON v. COCA-COLA BOTTLING CO.

(154 S. E., 424)

*Mr. C. Granville Wyche,* for appellant.

*Messrs. Plumer C. Cothran* and *J. Frank Eppes,* for respondent,

August 14, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In his complaint, the plaintiff alleged that the defendant, engaged in the business of manufacturing, bottling, selling, and distributing soft drinks, including coca-cola, sold a certain bottle of coca-cola to the commissary at the disposal plant at Parkins' old mill, for the purpose of resale, which coca-cola was represented by the defendant as a harmless, healthful, and invigorating drink fit for beverage purposes; that the plaintiff purchased the particular bottle of coca-cola for drinking purposes, and, in drinking the same, drank a yellow jacket, a poisonous insect, contained in the beverage, which made him sick in body and in mind, caused him to have violent, terrific, and excruciating aches and pains, from which he suffered much, and on account thereof he was confined to his home and bed for upwards of two days, during which time he underwent great physical and mental agony, all to his serious detriment and damage; that the introduction of the yellow jacket into the bottle of coca-cola was negligent, willful, and wanton, in that the defendant violated its duty to properly bottle the said beverage, and did not properly inspect the same before sending it out, and that it failed to properly inspect its syrup, carbonated water, and bottling machines used in manufacturing and bottling said coca-cola. Plaintiff asked for damages in the sum of $10,-000.00.

While admitting its corporate existence and being engaged in the business of bottling beverages, the defendant denied all the other allegations of the complaint.

The trial in the Court of Common Pleas for Greenville County before his Honor, Circuit Judge Sease, and a jury, resulted in a verdict and judgment in favor of the plaintiff

for the sum of $200.00. From the result, the defendant has appealed.

The appellant, in its second exception, charges error on the part of the Circuit Judge in refusing to direct a verdict in its favor, on the ground that there was no evidence to show the appellant sold the particular bottle of coca-cola, alleged to have been used by the respondent. Mr. Cunningham, a witness for the respondent, testified that he had some connection with the commissary, being paymaster for Tucker & Laxton, who operated the same; that he paid the bills to the appellant for coca-cola sold by it to the commisary; while coca-cola had been purchased from other distributors, at the time of the sale of the bottle to the respondent, the only coca-cola on hand was that purchased for the commissary from the appellant; and that he saw the appellant's truck delivering the goods to the commissary. Under the well-recognized rule that if there is any competent evidence going to establish material issues, the trial Judge is required to submit the case to the jury, we think the evidence was sufficient to sustain the refusal to direct a verdict on the ground stated.

Appellant's fourth exception complains at the refusal of the presiding Judge to direct a verdict in its favor, on the ground that the undisputed evidence established that the alleged injuries of the respondent were not caused by swallowing the yellow jacket. The respondent testified that as soon as he drank the coca-cola he became sick and suffered pain; that he announced that he swallowed a fly or something, and later the yellow jacket came back. The respondent admitted that on account of his condition he took a drink of whiskey, and appellant seems to think that beverage caused the respondent's illness. The whiskey, according to the respondent, however, was not taken until after the yellow jacket had been emitted, and for the purpose of relieving the condition produced by swallowing the insect. While the whiskey, and not the yellow jacket, may have made the respondent sick, or the whiskey may have aggra-

vated the illness he already had, these questions were all for the jury, and the presiding Judge was correct in submitting them for their determination.

The fifth, sixth, seventh, and eighth exceptions complain of errors in the giving of certain instructions to the jury. (Let the questioned charges be reported.) In addition to the complaint that the jury were not correctly charged as to the legal principals involved in the cause, the appellant urges that some of the instructions violated the constitutional provisions as to a charge on facts, and that they were argumentative in favor. of the respondent's cause. In passing upon the instructions contended to have been erroneous, we, of course, must consider them with the whole charge of the trial Judge. It is our opinion that the instructions, when so considered, stated correctly the principles of law applicable to the issues involved in the case. We do not deem it necessary to go into any discussion, for this case is controlled mainly by the opinion of this Court in the case of *Tate v. Mauldin*, 157 S. C., 392, 154 S. E., 431, the opinion in which is filed along with this opinion. Under the authority of that case, the exceptions as to the charge must be overruled.

The remaining exceptions, Nos. 1 and 3, relate to the refusal to direct·a verdict in appellant's favor, the first on the ground that there was no evidence of negligence, and the third that the undisputed evidence showed that the appellant had exercised due care in bottling the coca-cola. The facts of this case are very much similar to those in the case of *Tate v. Mauldin, supra*. Too, as in that case, the jury inspected the bottling plant of the defendant bottling company. Agreeable to our views in the last-mentioned case, we think the evidence was entirely sufficient to require that the jury pass upon the facts.

It is the judgment of this Court that the judgment below be affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.